J-S53044-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| EDWARD WELLS | : | |
| | : | |
| Appellant | : | No. 365 EDA 2020 |

Appeal from the PCRA Order Entered December 10, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0004435-2013

BEFORE:  SHOGAN, J., LAZARUS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                **FILED:  APRIL 26, 2021**

Edward Wells (Wells) appeals from the order entered in the Court of Common Pleas of Philadelphia County (PCRA court) dismissing his petition filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, as untimely.  We affirm.

**I.**

**A.**

On December 11, 2011, L.S., who was then nineteen-years old, went to a club in Philadelphia with one of her girlfriends.  Around closing time, L.S. was unable to find her friend and while she looked for her, Wells followed L.S. into a small, dark room.  Wells forced L.S. to the ground and got on top of her

---

[*] Retired Senior Judge assigned to the Superior Court.

as she repeatedly told him that she did not want to have sex. Wells penetrated L.S. vaginally and anally with his penis and left the room. L.S. then found her friend, who drove her to the hospital to report the rape.

A DNA sample produced from L.S.'s rape kit examination was entered into a statewide database, resulting in a match to Wells' DNA in October 2012. A search warrant was issued to secure a confirmatory DNA sample. Wells was arrested in March 2013 after an oral swab confirmed that his DNA matched the rape kit sample.

**B.**

On October 7, 2015, Wells pled guilty to rape and involuntary deviate sexual intercourse.[1] The trial court deferred sentencing for preparation of a presentence investigation report and a mental health evaluation. On April 13, 2016, new counsel entered his appearance for Wells and filed a motion to withdraw his guilty plea. At the May 16, 2016 hearing on the motion, defense counsel argued that Wells should be permitted to withdraw his plea because he was innocent and had a disconnect with prior counsel. Wells asserted that he had not spoken to plea counsel for three years before he entered the plea and that counsel told him he was "going to fry" if he didn't sign the plea agreement. (N.T. Motion to Withdraw Guilty Plea, 5/16/16, at 4).

_____

[1] 18 Pa.C.S. §§ 3121(a)(1), 3123(a)(1).

On September 12, 2016, the trial court denied Wells' motion to withdraw the guilty plea and sentenced him to a term of not less than seven nor more than fourteen years' incarceration, followed by fifteen years of probation. On direct appeal, Wells challenged the trial court's denial of his pre-sentence motion to withdraw his guilty plea. A panel of this Court affirmed the judgment of sentence on January 25, 2018. (*See Commonwealth v. Wells*, 2018 WL 545628 (Pa. Super. filed Jan. 25, 2018)) (unpublished memorandum). In rendering its decision, the Court pointed out that two separate tests showed that Wells' DNA matched the DNA from L.S., that she reported the rape immediately and was prepared to testify against him at trial.[2] Wells did not file a petition for allowance of appeal with our Supreme Court.

Wells, acting *pro se*, filed the instant PCRA petition on March 5, 2019. Appointed counsel subsequently filed a *Turner/Finley* no-merit letter.[3] On October 2, 2019, the PCRA court issued notice of its intent to dismiss the PCRA

---

[2] The Court also observed that the record called into question Wells' assertions that counsel did not communicate with him for three years before the plea, and that he entered the plea based on counsel's statement that he would "fry" if he refused. However, the Court noted that nothing in its decision should be construed as ruling on the merits of Wells' ineffectiveness claims or as precluding him from developing them on collateral review. (*See Wells*, *supra* at *7-8).

[3] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988).

petition.  ***See*** Pa.R.Crim.P. 907(1).  The court entered its order dismissing the petition on December 10, 2019.  This timely appeal followed.  The PCRA court permitted counsel to withdraw from representation and appointed new counsel for appeal.  Wells and the PCRA court complied with Rule 1925.  ***See*** Pa.R.A.P. 1925(a)-(b).

## II.

## A.

On appeal, Wells raises claims of ineffective assistance of plea counsel. He contends that counsel failed to advise him of a favorable plea offer made early in the process and neglected to inform the court that he was suicidal or request a mental health/competency evaluation.  ***See*** 42 Pa.C.S. § 9543(a)(2)(ii) (listing ineffective assistance of counsel as basis for substantive PCRA relief).  However, before we may consider these arguments, we must first address the timeliness of his PCRA petition.  Wells acknowledges that his petition is facially untimely and claims he meets the governmental interference exception to the PCRA's time-bar.[4]

_____

[4] On appeal from the dismissal of a PCRA petition, our review is limited to examining whether the trial court's determination is supported by the evidence of record and free of legal error. ***See Commonwealth v. Koehler***, 229 A.3d 915, 927 (Pa. 2020).  When an issue raises a question of law, our review is *de novo* and our scope of review is plenary.  ***See id.***  We further note that a PCRA petitioner is not automatically entitled to an evidentiary hearing, and we review a PCRA court's decision dismissing a petition without a hearing for an abuse of discretion.  ***See Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa. Super. 2014); Pa.R.Crim.P. 907(1).

"The timeliness of a PCRA petition is a jurisdictional requisite." ***Commonwealth v. Shiloh***, 170 A.3d 553, 557 (Pa. Super. 2017) (citation omitted). A petitioner must file a PCRA petition within one year of the date the underlying judgment becomes final. ***See*** 42 Pa.C.S. § 9545(b)(1). In the instance case, Wells' judgment of sentence became final on February 26, 2018, when his time to file a direct appeal expired. ***See*** 42 Pa.C.S. § 9545(b)(3) ("A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.").

We cannot consider a facially untimely PCRA petition unless a petitioner pleads and proves one of the following limited exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

Although Wells emphasizes that he filed his petition just beyond the one-year deadline, there is no equitable tolling of the PCRA's one-year statute of

limitations, and we lack jurisdiction over this case unless he satisfies the plain language of an exception to the time-bar. **See Commonwealth v. Rizvi**, 166 A.3d 344, 348 (Pa. Super. 2017).

**B.**

With regard to Wells' argument concerning the governmental interference exception, he points to several shortcomings in the prison system. Specifically, Wells avers that he is legally blind and claims that the Department of Corrections (DOC) did not provide him with an aid to assist him with legal-related tasks including legal research until February 15, 2019, a short time before the deadline to file a timely PCRA petition lapsed. Wells also claims "substantial and pervasive" governmental interference hindering his ability to file a timely petition in the form of: an approximate two-week DOC mail interruption leading into September 2018 which led to a lag in mail service; his move to a restricted housing area within the prison because of threats to his life; and his transfer to a different prison, further delaying his mail access.

The pertinent question with respect to the timeliness exception at subsection 9545(b)(1)(i) is whether the government interfered with the defendant's ability to present his claim and whether he was duly diligent in seeking the facts on which his claim is based. **See Commonwealth v. Chimenti**, 218 A.3d 963, 975 (Pa. Super. 2019), *appeal denied*, 229 A.3d 565 (Pa. 2020).

In the instant case, Wells has not made a plausible showing that the government actively hindered his ability to timely raise his underlying ineffective assistance of counsel claims. *See Rizvi*, *supra* at 348 (finding meritless appellant's claim that limited prison library resources and his restricted housing status amounted to governmental interference). By Wells' own admission, he was provided with legal assistance from a prison aid in advance of the one-year filing deadline. Further, the record reflects that Wells was aware of counsel's allegedly deficient representation related to entry of his guilty plea in 2017-2018 when litigating his direct appeal. Wells has not provided a sound reason why he could not have developed these claims further at that time or at some point prior to the filing deadline. To the extent Wells raises ineffective assistance of counsel claims in connection with the untimeliness of his petition, it is well settled that allegations of ineffectiveness do not overcome the jurisdictional timeliness requirements of the PCRA. *See Commonwealth v. Zeigler*, 148 A.3d 849, 853 (Pa. Super. 2016).[5]

In sum, we conclude that the government did not interfere with Wells' timely discovery of his underlying ineffectiveness claims forming the basis of this petition. Therefore, Wells' petition is time-barred and the PCRA court lacked jurisdiction to review it.

---

[5] We observe with regard to Wells' assertion concerning counsel's failure to request a mental health evaluation that the record belies his claim and shows such evaluation was completed.

- 7 -

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/26/21